IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SANDERS, O'HANLON & | § | |
| MOTLEY, P.L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-498 |
| | § | |
| CHICAGO INSURANCE COMPANY and | § | |
| STEINBERG & CAVALIERE, L.L.P. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING THE DEFENDANTS' MOTION TO TRANSFER VENUE
## PURSUANT TO 28 U.S.C. § 1404(a)

Pending before the court is the Defendants' "Motion to Dismiss for Lack of Jurisdiction, Improper Venue and Failure to State a Claim Under Rule 12(b)" (docket entry #6).  After considering the motion, the Plaintiff's response (docket entry #18) and the Defendants' reply (docket entry #20), the court is of the opinion that the Defendants' alternate motion to transfer venue should be GRANTED.  Therefore, the court hereby ORDERS that this case be transferred to the Southern District of New York.

## I. BACKGROUND

On April 10, 2000, John E. Fasciana ("Fasciana"), on his own behalf and on behalf of his law firm, Fasciana & Associates, P.C., submitted a renewal application for professional liability insurance to Defendant Chicago Insurance Company ("the Company").  Def. Mot. to Dismiss, App. 2, pp. 28-30.  The Company subsequently issued a professional liability insurance policy to Fasciana & Associates, P.C.  The effective date of the policy was June 10, 2000.  The policy expired on June

-1-

10, 2001.  *Id*. at p. 8.  The Company is a corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois.  Pl. Orig. Compl., p. 1.  Fasciana is a citizen of the State of New York.  Def. Mot. to Dismiss, App. 5, p. 44.  Fasciana & Associates, P.C. is a New York law firm.

In January 2001, Fasciana and others were indicted on multiple counts of mail and wire fraud in the United States District Court for the Southern District of New York.  Def. Mot. to Dismiss, App. 5, p. 47.  The criminal charges stemmed from Fasciana's conduct during his prior representation of Electronic Data Systems ("EDS").  *Id*.

On March 8, 2001, EDS filed a lawsuit against Fasciana in the Sherman Division of the United States District Court for the Eastern District of Texas.  *See Electronic Data Systems Corp. v. John E. Fasciana*, 4:01-cv-93.  The EDS lawsuit concerns various conduct committed by Fasciana during the course of his representation of EDS.  Pl. Resp., Exh. B, p. 1.

Thereafter, Fasciana notified the Company about the EDS lawsuit.  As per the terms of the liability policy, "[t]he Company, at its option, shall select and assign defense counsel; however, the insured may engage additional counsel, solely at their expense, to associate in their defense of any Claim covered hereunder."  Def. Mot. to Dismiss, App. 2, p. 16.  In accordance with this provision, the Company, under a reservation of rights, assigned Donald Henslee from the Austin law firm of Henslee, Fowler, Hepworth & Schwartz, L.L.P. to represent Fasciana.  Def. Mot. to Dismiss, App. 5, p. 47; Pl. Orig. Compl., Exh. 1.

Dissatisfied with the Company's choice of counsel, Fasciana retained the New York law firm of Frankel & Abrams to act as lead defense counsel.  *Id*.  Additionally, Fasciana engaged the services of Roger D. Sanders ("Sanders") of Sanders, O'Hanlon & Motley, P.L.L.C. in Sherman, Texas to

act, originally, as local counsel and, later, as lead counsel. *Id*. Although the Company agreed to Fasciana's choice of representation, the Company did not quickly accede to Sanders' billable rate. As a matter of fact, it was not until October 6, 2004 that the Company accepted Sanders' hourly rate. Pl. Orig. Compl., Exh. 24, p. 2. The relationship between Sanders and the Company soured and became quite contentious. Although other issues developed, the primary obstacle concerned the payment of Sanders' fees.

During the time that Sanders and the Company argued about the payment of fees, Fasciana's criminal case proceeded to trial. The original trial resulted in a hung jury. Upon retrial, however, Fasciana was found guilty on July 7, 2005 of several counts of fraud. Def. Mot. to Dismiss, App. 7, pp. 67-69.

However, prior to Fasciana's retrial, the Company filed a lawsuit against Fasciana and Fasciana & Associates, P.C. in the United States District Court for the Southern District of New York on October 7, 2004. Def. Mot. to Dismiss, App. 5, pp. 44-52. In this lawsuit, the Company contends that Fasciana inaccurately represented in the renewal application for professional liability insurance that there were no circumstances which may result in a claim being made against his firm. Def. Mot. to Dismiss, App. 2, p. 29, ¶ 9(b) & App. 5, p. 46. The Company further alleges that the representation was inaccurate because from 1995 to 1999, "Fasciana may have committed one or more criminal acts which also could lead to civil liability in connection with his relationship with [EDS]." Def. Mot. to Dismiss, App. 5, p. 46. The Company asserts that had it known of the misrepresentation, it (a) would not have issued the policy at all, (b) would not have issued the policy under the terms provided, or (c) would not have issued the policy at the premium charged. *Id*. Accordingly, the Company is seeking either a rescission of the policy, or, in the alternative, a

declaration that it has no duty to provide coverage to Fasciana with respect to the EDS lawsuit. *Id*. at 48-52.

Fasciana subsequently filed an answer and counterclaims in the New York litigation. Def. Mot. to Dismiss, App. 6. In his counterclaims, Fasciana alleges that the Company failed to pay the costs of defense in the EDS litigation and, as such, is seeking recovery of the same. *Id*. Fasciana is seeking damages for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty and negligent and / or intentional infliction of emotional distress.[1] *Id*.

Thereafter, on December 23, 2005, Sanders instituted the instant lawsuit against the Company and the Company's New York counsel, Steinberg & Cavaliere, L.L.P. ("Cavaliere"). Pl. Orig. Compl., p. 1. Sanders argues that the Company and Sanders entered into a contract whereby the Company would pay Sanders for the fees he incurred in defending Fasciana in the EDS litigation. Sanders further asserts that the Company failed to pay said fees and, further, misrepresented its intention to so pay Sanders. As such, Sanders is seeking damages under the theories of breach of contract by the Company, quantum meruit as to the Company, tortious interference with a contract by Cavaliere, and negligent misrepresentation, fraud, aiding and abetting, and conspiracy by the Company and Cavaliere. Finally, Sanders argues that the Company and Cavaliere have made Fasciana's acceptance of a settlement in the New York lawsuit a pre-condition to payment of Sanders' attorneys' fees in the EDS litigation. Accordingly, Sanders is seeking a declaration that Sanders' bills "are due and payable, to the extent they are, under the evidence based upon the control of [the Company] and Cavaliere, without other pre-condition." Pl. Orig. Compl., p. 26, ¶ 42.

---

[1] Upendar T. Reddy of Sanders, O'Hanlon & Motley, P.L.L.C., along with Roland Riopelle of Sercarz & Riopelle, L.L.P., represent Fasciana in the New York litigation.

The Defendants herein subsequently filed their motion to dismiss for lack of jurisdiction, improper venue and failure to state a claim under FED. R. CIV. P. 12(b). The Defendants argue that the Plaintiff lacks standing to bring its lawsuit, venue is improper under 28 U.S.C. § 1391, the Plaintiff's complaint fails to state a viable claim, and this court lacks personal jurisdiction over Cavaliere. Since the court concludes that this case should be transferred to the Southern District of New York, the court declines to consider the Defendants' remaining arguments.[2]

## II. DISCUSSION

### A. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404(a) (2000). For a section 1404(a) transfer to be proper, two initial conditions must be met. First, venue must be proper in the transferor court. *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). Second, the transferee court must be a "district or division where [the case to be transferred] might have been brought." *Id.* Venue must be proper in the transferee court and the transferee court must have personal jurisdiction over the defendant. *Id.*

---

[2]Although the court would typically be inclined to consider the Defendants' position that the Plaintiff lacks standing to bring this lawsuit, the court notes that the Defendants' arguments are premature. The Defendants argue that the Plaintiff lacks standing to assert a breach of contract cause of action as well as a tortious interference cause of action because the Plaintiff did not enter into a contract with the Company. The Plaintiff, conversely, argues that it did enter into a contract with the Company. Accordingly, standing, with respect to the contract claims, will need to be resolved at a later date after the case has progressed.

Likewise, the Defendants argue that the Plaintiff lacks standing to bring its tort claims. The Defendants argue that even if they did make misrepresentations to the Plaintiff, the Plaintiff did not rely on those representations. Again, the Plaintiff argues to the contrary. As such, standing, with respect to the Plaintiff's tort claims, will need to be resolved at a later date after the case has progressed.

"A motion to transfer under § 1404(a) [] calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The court should balance two categories of interest in determining whether to transfer venue: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D. Tex. 2001). The convenience factors are as follows:

(1)    The plaintiff's choice of forum;

(2)    The convenience of the parties and witnesses;

(3)    The place of the alleged wrong;

(4)    The cost of obtaining the attendance of witnesses;

(5)    The accessibility and location of sources of proof; and

(6)    The possibility of delay and prejudice if transfer is granted.

*Id.* at 676-77.

The public interest factors are as follows:

(1)    The administrative difficulties caused by court congestion;

(2)    The local interest in adjudicating local disputes;

(3)    The unfairness of burdening citizens in an unrelated forum with jury duty; and

(4)    The avoidance of unnecessary problems in conflict of laws.

*Id.* at 677.

The party who files a motion to change venue under section 1404(a) bears the burden of proving why venue should be changed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "To prevail, the litigant must demonstrate that the balance of convenience and justice

*substantially* weighs in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768

(E.D. Tex. 2000) (citation omitted). "The court should not transfer venue where the result will be

merely to shift the expense and inconvenience from one party to the other." *Enserch Int'l*

*Exploration*, *Inc. v. Attock Oil Co.*, *Ltd.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (citation

omitted). The district court's decision to grant or deny a motion to transfer under section 1404(a)

will be reversed only for an abuse of discretion. *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th

Cir. 2003).

## B. ANALYSIS

### 1. The Propriety of the Defendants' Motion to Transfer

The first issue is whether the Defendants' motion to transfer satisfies both conditions for

transfer under section 1404(a). The first condition is that venue must be proper in the transferor

court. The second condition is that the transferee court must be a "district or division where [the

case to be transferred] might have been brought." § 1404(a).

In its original complaint, the Plaintiff states that venue is proper in the Sherman Division of

the Eastern District of Texas because "a substantial part of the events and omissions giving rise to

the claim occurred in the Eastern District of Texas." Pl. Orig. Compl., p. 2. Accordingly, the

Plaintiff predicates venue on 28 U.S.C. § 1391(a)(2).[3]

---

[3]28 U.S.C. § 1391(a) provides as follows:

A civil action wherein jurisdiction is founded only on diversity of citizenship may,
except as otherwise provided by law, be brought only in (1) a judicial district where any
defendant resides, if all defendants reside in the same State, (2) a judicial district in
which a substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated, or (3) a judicial
district in which any defendant is subject to personal jurisdiction at the time the action is
commenced, if there is no district in which the action may otherwise be brought.

The Defendants argue, however, that venue does not lie in this court.[4]  The Defendants contend that a substantial part of the events giving rise to the Plaintiff's claims did not occur in this judicial district but, rather, occurred in the Southern District of New York.  In support of their contention that the Plaintiff's choice of venue was improper, the Defendants list the following facts:

1. Fasciana's principal place of business is in New York;

2. Fasciana performed work in New York which gave rise to the EDS lawsuit;

3. Fasciana applied for the professional liability insurance policy in New York;

4. The Company issued the professional liability insurance policy to Fasciana in New York;

5. The professional liability insurance policy bears a New York Amendatory Endorsement;

6. The Company reserved its rights under the professional liability insurance policy by sending a letter to Fasciana in New York;

7. Fasciana was indicted and convicted in New York; and

8. The Company filed a lawsuit against Fasciana in New York concerning the professional liability insurance policy.  That lawsuit remains pending.

In contrast, the Plaintiff argues that venue is proper in this court.  In support of its venue choice, the Plaintiff lists the following facts:

---

Clearly, § 1391(a)(1) is inapplicable because neither Defendant herein resides in Texas.  Section 1391(a)(3), the default provision, is inapplicable as well because this action could have been brought in at least two judicial districts.

[4]In their motion to dismiss for improper venue, the Defendants argue that venue is improper in this court.  However, the Defendants appear to have abandoned this argument in their motion to transfer venue.  Regardless, the court will address the propriety of venue in this court.  The court notes, however, that if the court had reached the conclusion that venue was, in fact, improper in this court, the court would still find it appropriate to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1406(a).  Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

1.      The Plaintiff was hired to defend Fasciana in the EDS lawsuit in Texas;

2.      The Plaintiff performed a substantial portion of its legal activities in Texas;

3.      The Defendants communicated with Plaintiff via telephone, email and other correspondence in Texas;

4.      The Plaintiff communicated with the Defendant, the court presiding over the EDS litigation and counsel for EDS in Texas; and

5.      The Defendants' representations, upon which the Plaintiff relied, occurred in Texas.

Based on the foregoing and without ruling on the validity of the Plaintiff's claims, the court concludes that this court has a substantial connection to the Plaintiff's claims. Accordingly, venue is proper in this court. Further, the court concludes that this action could have been brought in the Southern District of New York. Accordingly, the court shall now turn to whether the convenience and public interest factors substantially weigh in favor of transfer.

## 2.  The Merits of the Defendants' Motion to Transfer

Neither the Defendants nor the Plaintiff performed an in-depth analysis of the factors involved in determining a motion to transfer venue. The Defendants argue that the Plaintiff's lawsuit herein seeks resolution of the same factual disputes and legal issues raised in the New York litigation. The Defendants further argue that if both lawsuits are permitted to proceed separately, the potential exists for contrary results. Additionally, the Defendants argue that the witnesses in the instant lawsuit virtually mirror those in the New York lawsuit. Finally, the Defendants contend that if the lawsuits proceed separately, the witnesses would be required to testify in two forums about the same issues.

In contrast, the Plaintiff argues that transferring this case to New York would be inconvenient for the Plaintiff and the other witnesses who are expected to testify herein. The Plaintiff additionally

argues that the New York lawsuit does not involve the Plaintiff; rather it is a lawsuit against Fasciana under his professional liability insurance policy.

It is significant to note that both the instant action and the counterclaims raised in the New York litigation seek the recovery of Sanders' attorneys' fees in the EDS lawsuit.  In the instant action, Sanders' law firm is seeking to recover Sanders' attorneys' fees.  In the New York litigation, Fasciana is seeking to recover Sanders' attorneys' fees.  Since both actions seek the recovery of the same fees, it is only logical and judicially economical that both actions be decided together; otherwise, the potential exists for inconsistent resolution of the same claim.  Additionally, it appears that the same witnesses will be required to testify in both the instant action and in the prosecution of Fasciana's counterclaims.

The matter of Sanders' attorneys' fees was first raised in the New York action almost two years ago.  Thus, the Southern District of New York is familiar with the events giving rise to this case.  Such familiarity should expedite the disposition of this case.  Further, this case is still in its infancy.  Although the court has already conducted a scheduling conference, all deadlines, with the exception of the deadline for the joinder of parties, were stayed until the court ruled on the Defendants' instant motion.  Accordingly, transferring this case to the Southern District of New York will not cause any delay or prejudice in the timely disposition of this case.

### III.  CONCLUSION

Having balanced the relevant factors, the court concludes that the balance of convenience and justice substantially weighs in favor of transfer.  Accordingly, the Defendants' motion to transfer to the Southern District of New York (docket entry #6) is GRANTED.  Therefore, the court hereby ORDERS that this case be TRANSFERRED to the Southern District of New York.

-10-

IT IS SO ORDERED.


**SIGNED this the 27th day of July, 2006.**


RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE