IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SANDERS, O'HANLON & MOTLEY, P.L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:05-CV-498 |
| CHICAGO INSURANCE COMPANY and STEINBERG & CAVALIERE, L.L.P. | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO RECONSIDER THE COURT'S RULING TRANSFERRING VENUE**

Pending before the court is the Plaintiff's motion to reconsider the court's ruling transferring venue (docket entry #27). Having considered the Plaintiff's motion, the court finds that the motion should be denied.

### BACKGROUND

On July 27, 2006, the court granted the Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Thereafter, on August 7, 2006, the Plaintiff dismissed Defendant Steinberg & Cavaliere, L.L.P. without prejudice. The Plaintiff additionally filed on August 7, 2006 a motion to reconsider.

### LEGAL STANDARD

Motions to reconsider serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted). Mere disagreement with a district court's

order does not warrant reconsideration of that order. *Id*. at 332. A party should not restate, recycle, or rehash arguments that were previously made. *Id*. District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, "litigants are expected to present their strongest case when the matter is first considered." *Sprint Comms. Co.*, 899 F. Supp. at 284 (citation omitted).

### DISCUSSION AND ANALYSIS

In its motion to reconsider, the Plaintiff initially argues that the parties had agreed in June 2006 to dismiss Defendant Steinberg & Cavaliere, L.L.P. from this lawsuit and that such dismissal should negate the transfer order. The Plaintiff, however, delayed in advising the court of its planned future dismissal for over one month and not until ***after*** the court issued a ruling on the Defendants' motion to transfer venue. The Plaintiff further argues that the court in the Southern District of New York ***might*** rule on a pending summary judgment motion in the near future which could impede the resolution of the instant action if the transfer order is permitted to stand. The Plaintiff, however, did not advise the court of this yet to occur ruling until after the court ruled on the transfer motion. Finally, the Plaintiff performed an in-depth analysis of the factors involved in determining a motion to transfer venue, an analysis which should have been conducted in the Plaintiff's response to the Defendants' motion – ***not after*** the court already issued a ruling on the same.

The court is not inclined to reconsider its prior ruling. Waiting until after the court issued its ruling to advise the court of the developments stated herein is impermissible. The court has limited resources and time and cannot reconsider matters which should have been brought to its attention previously. The Plaintiff should have presented its entire argument prior to the court

issuing its ruling – not after. Accordingly, the Plaintiff's motion to reconsider the court's ruling transferring venue (docket entry #27) is hereby **DENIED**.

    IT IS SO ORDERED.

    **SIGNED this the 11th day of August, 2006.**

    _____
    RICHARD A. SCHELL
    UNITED STATES DISTRICT JUDGE